UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY L. HARDIE,<br><br>                Plaintiff,<br>   v.<br>SCOTT RUSSELL, ERIC HERNANDEZ, DR. FRANK LONGANO, DR. ABRAHA,<br><br>                Defendants. | No. C13-5152 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 17, 2013** |

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff failed to pay the filing fee of $350.00 or to submit an updated application to proceed *in forma pauperis* (IFP).  The undersigned recommends that Plaintiff's IFP motion (ECF No. 1) be denied and this matter dismissed without prejudice.

## BACKGROUND

      On March 5, 2013, Plaintiff Jeffrey L. Hardie filed an IFP application and proposed civil rights complaint.  ECF No. 1.  At the time of filing, Plaintiff was incarcerated at the Washington Corrections Center (WCC).  *Id.*  On the same day, the Clerk received a letter from Plaintiff stating that he would be released from custody on March 21, 2013.  ECF No. 3.  Also on the same day, the Clerk sent a letter to Plaintiff advising that he had failed to provide the appropriate IFP form and a copy of his prison trust account statement showing transactions for the past six months.  ECF No. 4.  On March 12, 2013, Plaintiff provided a copy of his prison trust account statement showing transactions for the period of time from January 1, 2013 to February 19, 2013.

REPORT AND RECOMMENDATION - 1

ECF No. 6.  On March 12, 2013, Plaintiff provided a completed IFP form and consent.  ECF No. 5.  The completed IFP form is based on Plaintiff's incarcerated status.

On March 26, 2013, the Court ordered Plaintiff to complete another application to proceed IFP and written consent form so that the Court could properly determine Plaintiff's IFP eligibility in light of his release from incarceration.  Plaintiff was given a deadline of April 15, 2013 to either submit the completed IFP application and written consent or to pay the $350.00 filing fee required to proceed with this action.  ECF No. 8.  The Court's Order was sent to Plaintiff at the Gig Harbor address which Plaintiff provided to the Court.  ECF No. 3.  Plaintiff has not responded to the Court's Order in any way and, to date, has neither paid the filing fee, nor submitted the updated IFP application.

## DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson,* 314 F.2d 598 (9th Cir.1963), cert. denied, 375 U.S. 845 (1963).

Plaintiff was given an opportunity to pay the filing fee or submit an updated IFP application.  The Court provided Plaintiff with the appropriate forms and gave him additional time to submit the appropriate forms.  He has not done so nor has he requested additional time to comply with the Court's Order.

## CONCLUSION

Based on the foregoing, the Court recommends that Plaintiffs' application to proceed IFP (ECF No. 1) be denied and this matter be dismissed without prejudice.

REPORT AND RECOMMENDATION - 2

1    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
3 objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
4 objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the
5 time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on
6
7 **May 17, 2013**, as noted in the caption.
8
9    **DATED** this  24th   day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3